OPINION
{¶ 1} In 1999, defendant-appellant Marlon Aaron Dave was charged under two separate indictments. In the first, appellant was charged with one count of Complicity to Commit Aggravated Murder in violation of R.C.2903.01 and 2923.03 (with an attendant death penalty specification), and two counts of Complicity to Commit Aggravated Robbery in violation of R.C. 2911.01 and 2923.03; all three counts included attendant firearm specifications as per R.C. 2941.145. In the second, appellant was charged with three counts of Complicity to Commit Aggravated Robbery in violation of R.C. 2911.01 and 2923.03, with attendant firearm specifications as per R.C. 2941.145. It is the third count of the second indictment that is the subject of the within appeal.
 {¶ 2} On July 17, 1999, the appellant entered into a negotiated plea agreement. In the first case, the charge of complicity to commit aggravated murder was amended to involuntary manslaughter. In the second, one of the complicity to commit aggravated robbery charges was dismissed. Appellant was sentenced to an aggregate prison term of thirty-five (35) years.
 {¶ 3} On April 17, 2000, despite having pleaded guilty pursuant to a negotiated plea agreement, appellant filed a delayed appeal of his conviction and sentence. Appellant was granted leave to pursue his delayed appeal, but it was dismissed on October 2, 2000, due to his failure to prosecute.
 {¶ 4} In June 2003, appellant filed a Motion to Withdraw his Guilty Plea, which was overruled by the trial court and not appealed by the appellant.
 {¶ 5} In January 2006, appellant filed a Request for Leave to Appeal, in which he argued that his prior appeal was dismissed for want of prosecution because he was not provided with a copy of the record by the prosecutor's office. In addition, appellant raised aBlakely-Foster claim. Appellant's application for leave to appeal was denied by this court on February 15, 2006, for failure to comply with App. R. 5(A)(2) and local App. R. 6(A).
 {¶ 6} On April 25, 2006, Appellant filed a Motion to Modify Sentence in which he asked the trial court to reduce his sentence from thirty-five (35) years to thirty-two (32) years. In addition, appellant argued that the evidence was insufficient to establish the elements of the offense of aggravated robbery, as no items were taken during the attempted robbery. Finally, appellant argued that as complicitor, and not a principal, he should not have been sentenced to thirty-five (35) years, but rather, should have been sentenced to thirty-two (32) years. The trial court denied appellant's motion in a May 4, 2006, judgment entry.
 {¶ 7} Appellant appealed the trial court's decision on May 17, 2006, and June 1, 2006, and raises the following assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANTS [SIC] MOTION, DENYING HIM EQUAL PROTECTION OF THE LAW."
 I {¶ 9} Appellant argues that the trial court erred in denying his motion for modification of sentence. We disagree.
 {¶ 10} The Ohio Supreme Court, in State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, held: "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953. 21." Id. at syllabus.
 {¶ 11} Appellant's motion was filed after his direct appeal, and claims a denial of his constitutional rights. Appellant seeks to render his conviction for one count of complicity to commit aggravated robbery void, and seeks vacation of his conviction and sentence as to that count. Appellant's motion thus constitutes a petition for postconviction relief ("PCR").
 {¶ 12} Since appellant's motion is in effect a PCR, it is subject to the same restrictions and requirements for such petitions. R.C. 2953.21
provides for postconviction relief, and states in pertinent part: "(A)(2) [e]xcept as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 13} In the case sub judice, the judgment of conviction and sentence was based upon appellant's plea of guilty, and was filed on July 16, 1999. Appellant filed a delayed notice of appeal that was dismissed by this court due to his failure to prosecute. Because of said dismissal, no transcript was ever filed in the case. Thus, based upon the language contained in R.C. 2953.21(A)(2), appellant's PCR should have been filed in February of 2000. Clearly, his 2006 motion is untimely.
 {¶ 14} R.C. 2953.23 governs untimely filed petitions for post-conviction relief. Under the statute, a trial court may not entertain an untimely filed petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty but for constitutional error at trial. See, R.C. 2953.23(A); and, State v.Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, at 4, appeal not allowed (1997), 79 Ohio St.3d 1482. Appellant herein has failed to meet these conditions. His assignment of error is, therefore, without merit.
 {¶ 15} Further, appellant's challenge to the sufficiency of the evidence is a claim that could have been raised at trial or on direct appeal. Thus, the doctrine of res judicata applies, and bars further review of this issue.
 {¶ 16} Based upon the foregoing, the appellant's sole assignment of error is overruled, and the judgment of the trial court is therefore affirmed.
By: Edwards, J. Farmer, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.